<u>UNPUBLISHED</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 05-6919**

—————

LEONARD BROWN,

Petitioner - Appellant,

versus

DIRECTOR, DEPARTMENT OF CORRECTIONS,

Respondent - Appellee.

—————

**No. 05-6984**

—————

LEONARD BROWN,

Petitioner - Appellant,

versus

GENE JOHNSON, Director,

Respondent - Appellee.

—————

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis III, District Judge. (CA-02-50; CA-05-596)

—————

Submitted: September 27, 2005      Decided: October 3, 2005

—————

Before LUTTIG, MOTZ, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Leonard Brown, Appellant Pro Se. Steven Andrew Witmer, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Leonard Brown seeks to appeal the district court's orders dismissing as successive his Fed. R. Civ. P. 60(b) motion to reopen the court's order denying relief on his 28 U.S.C. § 2254 (2000) petition, and dismissing as successive a subsequently filed § 2254 petition. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural rulings by the district court are also debatable or wrong. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Brown has not made the requisite showing. Accordingly, we deny Brown's motion for a certificate of appealability and dismiss the appeal.

Additionally, we construe Brown's notices of appeal and informal briefs as an application to file a second or successive petition under 28 U.S.C. § 2254. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to

- 3 -

file a successive § 2254 petition, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. § 2244(b)(2) (2000). Brown's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2254 petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED